UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF THE DEAF, WESTERN MASSACHUSETTS ASSOCIATION OF THE DEAF AND HEARING IMPAIRED AND LEE NETTLES,<br><br>Plaintiffs,<br><br>v.<br><br>NETFLIX, INC., a corporation,<br><br>Defendant. | CIVIL ACTION<br>NO. 11-cv-30168-MAP |

## PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE

Plaintiffs oppose the motion of Louis Sheptin to intervene in this proceeding. Sheptin does not meet the applicable requirements for intervention. Sheptin's evident but ill-considered desire to have this Court advance his interest in litigation is not a valid reason to make him a party in this Court. As he provides no sound grounds for intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure, the Court should deny the motion.

## I. BACKGROUND

Plaintiffs filed a Complaint in this Court on June 16, 2011 that alleges that Defendant's failure to provide closed captioning on its Watch Instantly service discriminates against individuals who are deaf and hard of hearing, thereby violating the Americans with Disabilities Act ("ADA"). Compl. ¶¶ 1-6. Sheptin filed his Motion to Intervene on July 21, 2011.

## II. ARGUMENT

Sheptin, an individual with various disabilities, such as diabetes and seizures, seeks intervention here pursuant to either Fed. R. Civ. P. 24(a)(2) (intervention as of right) or Fed. R. Civ. P. 24(b)(1) (permissive intervention). But he does not qualify for intervention of right and provides no sound reason for granting permissive intervention.

Sheptin moved to intervene to challenge Netflix's refusal to accept "Direct Express" credit cards. Sheptin claims that 10% of Direct Express credit card users are individuals with disabilities and various other recipients of federal public benefits, such as himself. However, whether Netflix discriminates against Direct Express credit card users is not before this Court. The instant litigation alleges only that Netflix has discriminated against deaf and hard of hearing individuals in failing to provide closed captioning on its Watch Instantly service.

Sheptin has identified no cognizable interest of his that would be affected by the instant litigation. Sheptin's claims are entirely distinct from this matter: he alleges an entirely different claim than the Plaintiffs pled in their complaint. Further, Sheptin has not identified any respect in which his intervention would aid the Court's determination or enhance judicial efficiency in resolving the matter at issue in this proceeding. Accordingly, the Court should reject his motion.

### A. Sheptin is Not Entitled to Intervene As of Right In This Proceeding.

Sheptin does not qualify for intervention as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. That Rule provides that,

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(b).

Sheptin does not claim that this Court's entry of a Final Judgment would impair his ability to protect his interests regarding the use of a Direct Express credit card. He brings this motion to intervene based solely on the fact that he, too, is a disabled individual with a claim of discrimination against Netflix. However, both his disability and his claims are unrelated to the instant litigation which focuses exclusively on individuals who are deaf and hard of hearing and their ability to access Netflix's Watch Instantly service.

**B. Sheptin Does Not Meet Rule 24's Requirements for Permissive Intervention.**

Rule 24(b)(1) authorizes a court to "permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1), so long as intervention does not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Sheptin does not identify any question of law or fact that is common to this proceeding and his claim. As noted above, Sheptin focuses on Netflix's refusal to accept Direct Express credit cards, allegedly heavily used by individuals with disabilities, while this proceeding focuses only on Netflix's failure to provide closed captioning on its Watch Instantly service and the harm this causes to deaf and hard of hearing individuals. The two matters are entirely unrelated. Thus, Sheptin does not qualify for permissive intervention either.

Even ignoring the lack of common issues of law or fact, the Court should not exercise its discretion to permit intervention under Rule 24(b)(1)(B). Sheptin's intervention inevitably would unduly delay this proceeding, to the potential detriment of the Plaintiffs.

## III. Conclusion

As has been demonstrated, Sheptin does not meet Rule 24 requirements for intervention because his claims share no questions of law or fact with the claims set forth in this proceeding. Thus, granting intervention provides no benefits, but risks unnecessary complication and delay that will harm Plaintiffs. Accordingly, the Court should deny Sheptin's motion.

Respectfully submitted,

*/s/ Arlene Mayerson*

Arlene Mayerson
Charlotte Lanvers
Shira Wakschlag
DISABILITY RIGHTS EDUCATION AND DEFENSE FUND
3075 Adeline Street
Suite 210
Berkeley, CA 94703
Telephone: (510) 644-2555
amayerson@dredf.org
clanvers@dredf.org
swakschlag@dredf.org

*/s/ Bill Lann Lee*

Bill Lann Lee
Catha Worthman
Joshua Davidson
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
476 9th Street
Oakland, CA 94607-4048
Telephone: (510) 839-6824
blee@lewisfeinberg.com
cworthman@lewisfeinberg.com
jdavidson@lewisfeinberg.com

*/s/ Christine M. Netski*

_____________________________

Christine M. Netski, BBO #546936
SUGARMAN, ROGERS, BARSHAK &
COHEN, P.C.
101 Merrimac Street
Boston, MA 02114-4737
Telephone: (617) 227-3030
netski@srbc.com

DATED: August 1, 2011