UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION OF THE DEAF, WESTERN MASSACHUSETTS ASSOCIATION OF THE DEAF, LEE NETTLES,<br>      Plaintiffs<br><br>      v.<br><br>NETFLIX, INC.,<br>      Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 11-30168-MAP<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION WITH REGARD TO MOTION TO
INTERVENE (Document No. 12)
September 8, 2011

NEIMAN, U.S.M.J.

Louis C. Sheptin ("Sheptin"), proceeding *pro se*, has filed a motion to intervene pursuant to FED. R. CIV. P. 24. The National Association of the Deaf, the Western Massachusetts Association of the Deaf, and Lee Nettles (together "Plaintiffs") oppose Sheptin's motion. Sheptin's motion to intervene has been referred to this court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72. For the reasons that follow, the court will recommend that Sheptin's motion to intervene be denied.

I. THRESHOLD ISSUE

Although not addressed by the movant or either party, Sheptin's motion raises the unresolved question of whether a magistrate judge has the authority to "hear and determine" motions to intervene, 28 U.S.C. § 636(b)(1)(A), or may only issue "proposed findings of fact and recommendations," 28 U.S.C. § 636(b)(1)(B). For purposes of judicial economy and efficiency, the court proceeds here via a report and

recommendation. A brief explanation is in order.

Although the First Circuit has yet to weigh in on the issue, several district courts have concluded that a motion to intervene is a "non-dispositive" matter which a magistrate judge may "hear and decide" pursuant to Fed. R. Civ. P. 72(a) and section 636(b)(1)(A), albeit for different reasons. *See Oregon Natural Desert Ass'n v. Bureau of Land Mgmt.*, No. 09-CV-00369-PK, 2010 WL 774037, at *1 (D. Or. Mar. 2, 2010) ("Because a ruling on a motion to intervene is not determinative of 'a party's claim or defense,' it is not dispositive and is not subject to de novo review as required under Title 28 U.S.C. § 636(b)(1)(B)."); *Pub. Serv. Co. of Colo. v. Bd. of County Comm'r*, No. 04-CV-01828 REB CBS, 2005 WL 2293650, at *2-3 (D. Colo. Sept. 19, 2005) (concluding that because motions to intervene are not specifically mentioned in section 636(b)(1)(A) and lack *res judicata* effect on an intervenor's future claims against the parties to an action, such motions are non-dispositive); *see also United States v. W.R. Grace & Co.*, 185 F.R.D. 184, 187 (D. N.J. 1999) ("it is common practice in this district for a magistrate judge to hear and determine a motion to intervene (a non-dispositive, pretrial motion)"); *Perles v. Kagy*, 394 F. Supp. 2d 68, 70 n.6 (D. D.C. 2005) (finding persuasive other courts' decisions concluding "that a motion to intervene is a non-dispositive pretrial motion that may be referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a)" and determining that if "[the intervenor's] motion ha[d] come before the [court] by way of Rule 72(a), the referring district court judge would review [the intervenor's] objections under a 'clearly erroneous' standard").

Several other district courts have reached the opposite conclusion, usually concentrating on the possibility that a referred motion to intervene may be denied.

Those courts have determined that denying a motion to intervene is tantamount to an involuntary dismissal, which magistrate judges are excepted from deciding under section 636(b)(1)(A).  *See Wash. Mut. Bank v. Chiapetta*, No. 1:07CV00683, 2011 WL 1743389, at *1 (N.D. Ohio May 6, 2011) ("the denial of a motion to intervene is functionally equivalent to several of the listed motions in 28 U.S.C. § 636(b)(1)(A), and a motion to intervene is dispositive"); *Sunbelt Veterinary Supply, Inc. v. Int'l Bus. Sys. U.S. Inc.*, 200 F.R.D. 463, 465 (M.D. Ala. 2001) ("An order denying a nonparty's motion to intervene is dispositive."); *see also Newman v. Sun Capital, Inc.*, No. 2:09-cv-445-FtM-29SPC, 2010 WL 326069, at *1 (M.D. Fla. Jan 21, 2011) (holding more generally in a case where the magistrate judge denied the motion to intervene that "a motion to intervene is a dispositive motion which must ultimately be decided by an Article III judge in the absence of consent").[1]

Although this court believes that there is a strong argument that motions to intervene are "non-dispositive," which it may "hear and decide" pursuant to Fed. R. Civ.

---

[1] The court notes that in *Amgen v. Chugai Pharm. Co., Ltd.*, No. 87-2617-Y, 1989 WL 87484, at *2 (D. Mass. May 5, 1989), then Magistrate Judge Patti Saris considered whether, having obtained the original parties' consent, she had the authority to rule on a motion to intervene.  Given its procedural posture, however, her ruling was limited to whether the parties' consent conferred to the court jurisdiction over a movant in the same action who had not consented, *i.e.*, the intervenor.  Despite noting that none of the parties challenged her authority to rule on the motion to intervene, and the intervenor indicated that it would "probably consent to trial before the magistrate," Judge Saris found significant that "in some cases, after the original parties have consented that a magistrate should exercise the district court's jurisdiction, an additional party or parties may enter the case and insist on a trial before an Article III judge." *Id.* at *3.  She therefore concluded that she lacked the authority to rule directly on the motion to intervene in the absence of the movant's additional consent and issued a report and recommendation.  Judge Saris did not, however, address the current issue of whether a motion to intervene is dispositive under section 636(b)(1)(A).

P. 72(a) and section 636(b)(1)(A), it will proceed via a report and recommendation in light of the unsettled law and in the interest of moving this matter along expeditiously.

## II. BACKGROUND

Netflix, Inc. ("Defendant") provides an on-demand service known as "Watch Instantly," which allows individuals to access "streaming titles with the click of a mouse or remote control" and play them "through the Internet on one's computer or on television through a Netflix-ready device." (Complaint ¶ 2.) On June 16, 2011, Plaintiffs filed a complaint against Defendant, alleging that Defendant violated the Americans with Disabilities Act ("ADA") by failing to provide equal access to its Watch Instantly service by "refusing to make available closed captioned text for the deaf and hard of hearing -- a feature that is necessary for such individuals to understand the audio portion of the streamed video." (Id. ¶¶ 1, 46-56.)

On July 21, 2011, Sheptin filed his motion to intervene. Sheptin claims that he suffers from congestive heart failure, diabetes, coronary artery disease, and suffers from seizures. (Sheptin's Motion to Intervene ("Sheptin's Motion") at 4.) Sheptin, who makes no mention of any federal law in his motion, alleges that Defendant is "denying total access to some 40 plus million persons who are recipients of federal retirement, disability, social security, [and] veteran's benefits" by refusing "to allow Direct Express® card holders to charge on-line movies . . . due to their 'financial class.'"[2] (Id. at 3.)

---

[2] According to the Social Security Administration's website, a Direct Express® card is "a debit card you can use to access your [social security] benefits. And you don't need a bank account." It is available to "anyone receiving Social Security or Supplemental Security Income payments." See Social Security Administration, "Get Your Payments Electronically: What is the Direct Express® Card?," http://ssa.gov/pubs/10073.html#1 (last visited Sept. 8, 2011).

Sheptin further alleges that, because many Direct Express® cardholders are disabled and receiving social security benefits, Defendant is "intentionally discriminating against . . . disabled senior citizens." (*Id.* at 3-4.) Finally, Sheptin claims that Defendant is attempting "to eliminate those [individuals] who do business with Comerica [Bank] and/or the U.S. Treasury" in violation of anti-trust laws. (*Id.* at 4-5.)

The court has construed Sheptin's allegations liberally because he is proceeding *pro se*. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Nonetheless, the court has considered the issue presented with the understanding that it need not "conjure up unpled allegations" to formulate an actionable claim. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

### III. DISCUSSION

Federal Rule of Civil Procedure 24 provides two avenues by which a non-party may intervene in an action; intervention by right and permissive intervention. FED. R. CIV. P. 24(a), (b). Subparagraph (a) of Rule 24 mandates that a party be permitted to intervene by right if he is: (1) given an unconditional right to intervene by a federal statute or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect his interest. FED. R. CIV. P. 24(a)(1), (2). In contrast, subparagraph (b) allows a court to permit intervention to anyone who is given a conditional right to intervene by federal statute or has a claim or defense that shares with the main action a common question of law or fact. FED. R. CIV. P. 24(b)(1)(A), (B).

Here, Sheptin does not indicate under which provision he is proceeding.

However, as he does not point to any federal statute which would grant him an unconditional right to intervene or claim any interest he holds in the action, he is not eligible for intervention as of right. Nor is Sheptin, in the court's view, an appropriate party who should be permitted to intervene through the court's exercise of discretion. First, although Sheptin enumerates several ailments which might qualify him as disabled, he does not claim that he is deaf or hard of hearing. Second, and more to the point, Sheptin does not identify any question of law or fact that is common to his claims and this proceeding. Third, his claims that Defendant has violated the anti-trust laws or discriminates against individuals based on their age, health condition, or financial status are, at best, only distantly related to the instant action and should more appropriately be brought in a separate proceeding.

IV. CONCLUSION

For the reasons stated, the court recommends that Sheptin's motion to intervene be DENIED.[3]

---

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

DATED: September 8, 2011

      /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge