```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS


NATIONAL ASSOCIATION OF THE         )
DEAF, WESTERN MASSACHUSETTS         )
ASSOCIATION OF THE DEAF, LEE        )
NETTLES,                            )
        Plaintiffs                  )
                                    )
             v.                     )   C.A. NO. 11-cv-30168-MAP
                                    )
NETFLIX, INC.,                      )
        Defendant                   )
```

## MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT
(Dkt. No. 22)

November 10, 2011

PONSOR, D.J.

Plaintiffs, the National Association of the Deaf, the Western Massachusetts Association of the Deaf and Hearing Impaired, and Lee Nettles, have brought this action under Title III of the Americans with Disabilities Act ("ADA") against Defendant Netflix, Inc., for failure to provide equal access to its video streaming service, "Watch Instantly," for deaf and hearing impaired individuals. Defendant filed a Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. No. 22) and the court heard argument on the motion on November 8, 2011. At the conclusion of the hearing, the court indicated that it would deny Defendant's motion to the extent that Defendant sought dismissal of the

complaint, stating its reasons in detail.

In summary, dismissal under the "primary jurisdiction analysis" would be improper, and Defendant's arguments with regard to Plaintiffs' lack of standing and the "first-filed" rule are unpersuasive.  Similarly, the court is not persuaded that the "first-filed" rule justifies transfer of this case to the Northern District of California.

Defendant's motion, however, will be allowed to the extent that it seeks a stay of this case pending rule-making action by the Federal Communications Commission ("FCC").  The FCC's determination "lies at the heart" of the matters at issue here, its expertise will throw light on some technical aspects of the case, and its determination will be of assistance to the court.  Rymes Heating Oils, Inc. v. Springfield Terminal Ry. Co., 358 F.3d 82, 91 (1st Cir. 2004).  The motion to stay will be allowed until February 6, 2012, on the assumption that the FCC's rule-making process will be complete before the end of January 2012.

As the court indicated at the conclusion of the hearing, Defendant will file its answer within thirty days.  The parties will submit a status report no later than February 6, 2012, including copies of any materials issued by the FCC and a proposed schedule for completion of pretrial proceedings.  In the event that the FCC delays

action, the court may reconsider the stay at that time.

In summary, Defendant's Motion to Dismiss (Dkt. No. 22) is hereby DENIED, except to the extent that this matter is stayed until February 6, 2012.

It is So Ordered.

                                        /s/ Michael A. Ponsor
                                        MICHAEL A. PONSOR
                                        U. S. District Judge